IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARLIN SMITH

       Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

       Defendant.

## COMPLAINT FOR DAMAGES

1. Defendant Portfolio Recovery Associates, LLC ("Portfolio"), wrongfully made numerous false threats and misrepresentations during its communications with Plaintiff Marlin Smith, and his family, in connection with its attempts to collect a time-barred consumer debt.

2. Mr. Smith seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and under the New Mexico Unfair Practices Act, NMSA 1978 § 57-12-1 *et seq.* ("UPA").

### Jurisdiction

3. This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 & 1337. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

### Parties

4. Plaintiff Marlin Smith resides in Albuquerque, New Mexico. He is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC ("Portfolio") is a foreign company whose principal business is the collection of consumer debts. It regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Portfolio is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Facts**

6. Mr. Smith obtained a credit account with the Capital One Bank ("Account").

7. Mr. Smith closed and paid the Account in full in approximately 2001.

8. At some point, Capital One placed the Account with, or sold or assigned it to, Portfolio to collect.

9. Portfolio is not licensed to collect debts in New Mexico, its licence expired in 2004.

10. Portfolio telephoned Mr. Smith's residence repeatedly attempting to collect on the Account.

11. Portfolio telephoned Mr. Smith's residence multiple times each day.

12. During the telephone calls, Portfolio was extremely rude.

13. During the telephone calls, Portfolio falsely threatened to garnish Mr. Smith's pay checks.

14. Upon information and belief, Portfolio had no intention of filing a lawsuit against Mr. Smith to collect on the Account.

15. At the time of Portfolio's threats, claims on the debt on the Account were time-barred.

16. During the telephone calls, Portfolio falsely threaten damage to Mr. Smith's credit score.

17. Portfolio did not report the Account to any credit reporting agency.

18. Upon information and belief, Portfolio had no intention of reporting the Account to any credit reporting agency.

19. On one occasion, Portfolio telephoned Mr. Smith's residence and Mr. Smith's daughter, Shelby Smith, answered the telephone.

20. The Portfolio representative called Mr. Smith's daughter an "ignorant child."

21. The Portfolio representative disclosed the existence of the debt to Mr. Smith's daughter.

22. On or about October 24, 2011, Portfolio sent a letter to Mr. Smith in an attempt to collect on the Account.

23. In the letter, Portfolio states that the Account was sold, assigned, and transferred to Portfolio on April, 22, 2009.

24. In the letter, Portfolio falsely states that the balance owing on the account, as of April 22, 2009, was $1,768.15.

25. In the letter, Portfolio falsely states that balance of the Account includes "Costs and Other Fees" in the amount of $1023.60.

26. Upon information and belief, Portfolio is not authorized to collect such fees, and such fees are neither the actual fees associated with the collection of the Account, nor are such fees reasonable.

27. On December 5, 2011, Mr. Smith, through counsel, informed Portfolio that he disputed the Account.

28. Through the December 5 letter, Mr. Smith informed Portfolio that he was represented by counsel.

29. Through the December 5 letter, Mr. Smith requested that Portfolio cease all communications with him and direct all communications to his attorney.

30. The December 5 letter was faxed to Porfolio. Portfolio received the fax on December 5, 2011.

31. Portfolio failed to honor Mr. Smith's request.

32. On December 8, Portfolio telephoned Mr. Smith at least 2 times.

33. At no time during its communications with Mr. Smith did Portfolio give the disclosure required by 12.2.12 NMAC, concerning the collection of time-barred debts.

34. Upon information and belief, Portfolio either knew that the debt on the Account was time-barred, or it took no steps to determine whether the debt on the Account was time-barred.

35. The foregoing acts and omissions were undertaken by Portfolio willfully, maliciously, knowingly, and in conscious or reckless disregard of the rights of Mr. Smith.

## Damages

36. As a result of Portfolio's actions, Mr. Smith suffered actual damages, including:

    a.  embarrassment and humiliation;

    b.  aggravation and frustration;

    c.  fear and apprehension;

    d.  inconvenience;

    e.  lost time; and

    f.  lost privacy.

## First Claim for Relief: Violations of the FDCPA

37. Portfolio's actions violate the FDCPA, including 15 U.S.C. §§ 1692b, 1692c, 1692d, 1692e, and 1692f.

38. Mr. Smith is entitled to recover statutory damages, actual damages and reasonable attorney fees and costs.

### Second Claim for Relief: Unfair Trade Practices

39. Portfolio is subject to the Unfair Practices Act for its conduct in New Mexico.

40. The foregoing actions of Portfolio constitute unfair or deceptive trade practices within the meaning of the New Mexico Unfair Practices Act, NMSA 1978 §57-12-2(D) and (E).

41. Defendant Portfolio willfully engaged in these unlawful trade practices.

42. Mr. Smith is entitled to recover actual or statutory damages, actual or statutory damages trebled, plus costs and reasonable attorney's fees.

### Request for Relief

Wherefore, Mr. Smith requests that this Court award:

A. Statutory and actual damages, for violations of the FDCPA;

B. Actual or statutory damages, trebled, for violations of the UPA;

C. Reasonable attorney fees and costs;

D. Such other relief as the Court deems just and proper.


Respectfully submitted,


*/s/ Charles Parnall*
Feferman & Warren, Attorneys for Plaintiff
Charles Parnall
300 Central Ave., SW, Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773 phone
(505) 243-6663 fax